UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA FOWLER,

                Plaintiff,

v.                                            Case No. 12-12637

COMMISSIONER OF SOCIAL          HON. TERRENCE G. BERG
SECURITY,                                   HON. MICHAEL J. HLUCHANIUK
                Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Michael J. Hluchaniuk's Report and Recommendation of July 30, 2013 (Dkt. 13), recommending that Plaintiff's motion for summary judgment be granted, in part, that Defendant's motion for summary judgment be denied, in part, and that this matter be remanded, under sentence four,[1] for further proceedings.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1). Defendant filed timely objections (Dkt. 14) to the Report and Recommendation; Plaintiff did not file any objections, nor did she

---

[1] A claimant whose request for social security benefits is denied after an administrative hearing may appeal this decision to the district court, pursuant to 42 U.S.C. § 405(g). The fourth sentence of § 405(g) gives the district court the power to "enter ... a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," known as a "sentence-four remand." On a sentence-four remand, the administrative law judge retains the discretion to grant or deny a benefits award. *See Shalala v. Schaefer*, 509 U.S. 292, 304 (1993).

respond to Defendant's objections. A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed Magistrate Judge Hluchaniuk's Report and Recommendation, and Defendant's objections thereto. For the reasons set forth below, Defendant's objections are OVERRULED, and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court. Consequently, this matter is REMANDED pursuant to sentence four of to 42 U.S.C. § 405(g) for further proceedings, consistent with the discussion below.

## ANALYSIS

### A. The Social Security Act

The Social Security Act (the Act) "entitles benefits to certain claimants who, by virtue of a medically determinable physical or mental impairment of at least a year's expected duration, cannot engage in 'substantial gainful activity.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant qualifies as disabled "if she cannot, in light of her age, education, and work experience, 'engage in any other kind of substantial gainful work which exists in the national economy.'" *Combs*, 459 F.3d at 642 (quoting 42 U.S.C. § 423(d)(2)(A)).

Under the authority of the Act, the Social Security Administration (SSA) has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The five steps are as follows:

> In step one, the SSA identifies claimants who "are doing substantial gainful activity" and concludes that these claimants are not disabled. [20 C.F.R.] § 404.1520(a)(4)(i). If claimants get past this step, the SSA at step two considers the "medical severity" of claimants' impairments, particularly whether such impairments have lasted or will last for at least twelve months. *Id*. § 404.1520(a)(4)(ii). Claimants with impairments of insufficient duration are not disabled. *See id*. Those with impairments that have lasted or will last at least twelve months proceed to step three.
>
> At step three, the SSA examines the severity of claimants' impairments but with a view not solely to their duration but also to the degree of affliction imposed. *Id*. § 404.1520(a)(4)(iii). Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the SSA's special list of impairments, or that is at least equal in severity to those listed. *Id*. § 404.1520(a)(4)(iii), (d). The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A person with such an impairment or an equivalent, consequently, necessarily satisfies the statutory definition of disability. For such claimants, the process ends at step three. Claimants with lesser impairments proceed to step four.
>
> In the fourth step, the SSA evaluates claimant's "residual functional capacity," defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. *Id*. § 404.1520(a)(4)(iv), (f). "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id*. § 404.1560(b)(1). Claimants who can still do their past relevant work are not disabled. Those who cannot do their past relevant work proceed to the fifth step, in which the SSA determines whether claimants, in light of their residual functional capacity, age, education, and work experience, can perform "substantial gainful activity" other than their past relevant work. *See id*. § 404.1520(a)(4)(v), (g)(1). Claimants who can perform such work are not disabled. *See id*.; § 404.1560(c)(1).

3

*Combs*, 459 F.3d at 642–43.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If the analysis reaches the fifth step, the burden transfers to the Commissioner. *See Combs*, 459 F.3d at 643. At that point, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

Judicial review of the Commissioner's final decision is authorized pursuant to 42 U.S.C. § 405(g). Where, as here, the Appeals Council denies review, the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Judicial review, however, is circumscribed in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quotation marks omitted) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). This substantial evidence standard is less exacting than the preponderance of evidence standard. *See Bass*, 499 F.3d at

509 (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). For example, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509.

### B. The ALJ Must Obtain An Expert Opinion On Whether Plaintiff's Impairments Equaled A Listed Impairment

This case involves claims for Social Security Disability and Supplemental Security Income benefits. The initial disability determination was made using the single decision-maker (SDM) model for adjudicating claims.[2] The question before the Court—and the issue upon which Magistrate Judge Hluchaniuk recommended remand—is whether an Administrative Law Judge must consult with a medical expert before making medical equivalency[3] determinations at step three of the five-

---

[2] **Error! Main Document Only.**The SDM model is an experimental modification of the disability determination process. *See Leverette v. Comm'r of Soc. Sec.*, 2011 WL 4062380 (E.D. Mich. Aug. 17, 2011), adopted by 2011 WL 4062047 (E.D. Mich. Sept. 13, 2011). This experiment eliminates the reconsideration level of review and allows claims to go straight from initial denial to ALJ hearing. *Id*. Most significantly, it allows the state agency employee (the "single decision-maker") to render the initial denial of benefits without documenting medical opinions from the state agency medical consultants. *Id.* (citing 20 C.F.R.§§ 404.906(b)(2), 416.1406(b)(2)).

[3] At the third step in the disability evaluation process, a claimant will be found disabled if his impairment meets or equals one of the listings in the Listing of Impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010). Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." *Id.* § 404.1525(c)(3). A claimant must satisfy all of the criteria to "meet" the listing. *Id.* However, a claimant is also disabled if his or her impairment is the medical equivalent of a listing, 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Turner*, 381 F. App'x at 488, which means it is "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a); 20 C.F.R. § 404.1526(a). An ALJ must compare the medical evidence with the requirements for listed impairments in considering whether the condition is "equivalent" in severity to the medical findings for any Listed Impairment.

step analysis.[4]  Magistrate Judge Hluchaniuk raised this issue sua sponte (*see* Dkt. 13 at n. 4).[5]

The ALJ here expressly relied on the opinions of the SDMs[6] in reaching her finding that "no listing was met or equaled . . . ."  (Tr. 336).  More importantly, the ALJ improperly referred to the SDMs as medical sources, stating that "the Disability Determination Service medical examiners disposed of this case after assessing the claimant's residual functional capacity, which meant no listing was met or equaled, in their opinion" (*Id.*).  Plaintiff underwent two different consultative physical examinations–first on September 9, 2006 by Dr. Richard C. Gause, M.D. (Tr. 260-263), and second on July 10, 2010 by Dr. R. Scott Lazzara, M.D. (Tr. 732-736); however, neither physician completed or reviewed and signed a "Disability Determination Transmittal" form or a "Physical Residual Functional Capacity Assessment" for Plaintiff.  Rather, only the SDMs completed and signed those forms.

---

[4] Neither party objected to Magistrate Judge Hluchaniuk's recitation of the factual record or to his finding that Plaintiff's arguments for remand lacked merit.  Thus, Plaintiff and Defendant have waived any further right to appeal these findings.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

[5] Admittedly, Plaintiff did not raise this specific challenge to the ALJ's decision in her motion for summary judgment, and generally arguments not raised are abandoned.  However, the Sixth Circuit has previously considered the issue of whether certain impairments meet or equal a listing, even though that issue had not been specifically objected to.  *See Gwin v. Comm'r of Soc. Sec.*, 109 F. App'x 102 (6th Cir. 2004); *see also Buhl v. Comm'r of Soc. Sec.*, 2013 WL 878772, at *7 n.5 (E.D. Mich. Feb. 13, 2013) (plaintiff's failure to raise argument did not prevent the Court from identifying error based on its own review of the record and ruling accordingly), adopted by 2013 WL 878918 (E.D. Mich. Mar. 8, 2013).  The Court finds no error in Magistrate Judge Hluchaniuk's raising this issue sua sponte.

[6] Two "single decision-makers" evaluated Plaintiff over the course of the administrative proceedings – Kevin Falk in September 2006 and Lynn Aurilio in August 2010 (Tr. 44,  264-271, 457-467).  Thus, this opinion will refer to them in the plural, as SDMs.

Defendant cites *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647 (6th Cir. 2009), and urges the Court to overrule Magistrate Judge Hluchaniuk's recommendation. Defendant maintains that the ALJ's reliance on the SDMs at Step III was "harmless error" (Dkt. 14 at 7-9), especially since Magistrate Judge Hluchaniuk was himself "not necessarily convinced that [P]laintiff can show that her physical impairments satisfy the equivalency requirements" (Dkt. 13 at 22–23).

In *Rabbers*, the ALJ failed to apply a regulation-mandated "special technique" for evaluating mental impairments at Step Three. *See Rabbers*, 582 F.3d at 654. In particular, the applicable regulations required the ALJ, among other things, to "'record the presence or absence of the criteria [of the listing] and the rating of the degree of functional limitation.'" *Id*. at 654 (quoting 20 C.F.R. § 404.1520a(d)(2)). Yet the ALJ "neglect[ed] to make specific B criteria[7] findings as required under § 404.1520a(e)(2)." *Id*. at 654. In holding that the ALJ's error could be overlooked as harmless, the Sixth Circuit explained,

> Generally, . . . we review decisions of administrative agencies for harmless error. . .. Accordingly, if an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.

*Id*. at 654. Regarding the particular procedural error before it, the Sixth Circuit reasoned that it was distinct from a violation of the explanatory requirement of the

---

[7] **Error! Main Document Only.**"If a claimant has a medically determinable mental impairment, the ALJ 'must then rate the degree of functional limitation resulting from the impairment(s)' with respect to 'four broad functional areas': '[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.' *Id*. §§ 404.1520a(b)(2), (c)(3). These four functional areas are commonly known as the 'B criteria.'" *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009)*,* quoting 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00 *et seq.*

7

treating physician rule for which courts apply a "circumscribed" harmless error review:

> If an ALJ rejects a treating physician's opinion but gives no reasons for doing so, it is difficult for a reviewing court to conduct its own analysis and make a judgment as to what the ALJ's reasons would have been—unless . . . the treating physician's opinion is "so patently deficient that the Commissioner could not possibly credit it." Faced with an ALJ's failure to address the B criteria, however, a reviewing court need only ask whether the record indicates that the claimant's mental impairment would have ultimately satisfied the B criteria. This kind of evidence—evidence regarding the claimant's activities of daily living, social functioning, concentration, persistence, or pace, and episodes of decompensation—is objective, concrete, factual and medical evidence that will be apparent in the record, at least in some cases.

*Id*. at 656–57 (internal citation omitted).

Unlike *Rabbers*, in this case, the ALJ expressly relied on the opinions of the SDMs at Step III. *Rabbers* is distinguishable since it involved the Paragraph B criteria, and the Sixth Circuit noted that—even though the ALJ failed to properly apply those criteria—they were simply an "adjudicatory tool" as opposed to a regulation. Moreover, in *Rabbers*, there was evidence in the record from which a valid Step III determination could be made, thus any error was harmless. Here, there is no medical opinion in the record concerning equivalency at Step Three.

The Court thus agrees with Magistrate Judge Hluchaniuk that "the lack of an expert medical opinion on the issue of equivalency is problematic and violated the requirements of SSR 96-6p"[8] (Dkt. 13 at 23). *See also, Harris v. Comm'r of Soc. Sec.*, 2013 WL 1192301, at *8 (E.D. Mich. Mar. 22, 2013) (Ludington, J.) (a medical

---

[8] **Error! Main Document Only.**SSR 96–6p provides that "longstanding policy requires that the judgment of a physician ... designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge ... must be received into the record as expert opinion evidence and given appropriate weight." SSR 96–6p, 1996 WL 374180, at *3 (July 2, 1996).

opinion on the issue of equivalence is required, regardless of whether the SDM model is implicated); *Maynard v. Comm'r of Soc. Sec.*, 2012 WL 5471150 (E.D. Mich. Nov. 9, 2012) ("[O]nce a hearing is requested, SSR 96-6p is applicable, and requires a medical opinion on the issue of equivalence") (Cohn, J.); *Munson v. Comm'r of Soc. Sec.*, 2012 WL 1788584 (E.D. Mich. Apr. 26, 2013) (adopting unpublished report and recommendation by M.J. Michelson) (Duggan, J.); *Bergschwenger v. Comm'r of Soc. Sec.*, 2012 WL 4009916 (E.D. Mich. Aug. 20, 2012) (Hluchaniuk, M.J.) (same), report and recommendation adopted, 2012 WL 4009909 (E.D. Mich. Sept. 12, 2012) (Cox, J.).[9] The Sixth Circuit has not directly addressed the question, but has stated that "[g]enerally, the opinion of a medical expert is required before a determination of medical equivalence is made." *Retka v. Comm'r of Soc. Sec.*, 70 F.3d 1272 (6th Cir. 1995).

In sum, although Defendant is correct that the SDM model was implemented in Michigan as a way to streamline cases, Defendant is incorrect that SSR 96–6p was abrogated by the SDM model. The SDM model allows "a single decision-maker [to] make the initial determination [of disability] with assistance from medical consultants, where appropriate. . ." 20 C.F.R. § 404.906. The initial determination comes before a claimant requests a hearing with an ALJ. But once a hearing is requested, SSR 96–6p is applicable, and requires a medical opinion on the issue of

---

[9] The Court is aware of authority in this district to the contrary, most notably *Gallagher v. Comm'r of Soc. Sec.*, 2011 WL 3841632 (E.D. Mich. March 29, 2011) and *Timm v. Comm'r of Soc. Sec.*, 2011 WL 846059 (E.D. Mich. Feb. 14, 2011). These cases held that an ALJ was not required to obtain medical evidence on the issue of equivalency in cases using the SDM model. The Court does not find these cases persuasive. *See Maynard v. Astrue*, 2012 WL 5471150 (E.D. Mich. Nov. 9, 2012); *Covey v. Comm'r of Soc. Sec.*, 2013 WL 462066 (E.D. Mich. Jan. 16, 2013) *report and recommendation adopted*, 2013 WL 461535 (E.D. Mich. Feb. 7, 2013) (disagreeing with *Gallagher* and *Timm*).

9

equivalence. The Commissioner's attempt to expand the application of the SDM model beyond the initial determination of disability and through proceedings before the ALJ is unpersuasive.

## CONCLUSION

For the reasons set forth above,

It is hereby ORDERED that Magistrate Judge Hluchaniuk's Report and Recommendation of July 30, 2013 (Dkt. 13) is ACCEPTED and ADOPTED.

It is FURTHER ORDERED that Plaintiff's motion for summary judgment (Dkt. 8) is GRANTED IN PART and Defendant's motion for summary judgment (Dkt. 9) is DENIED IN PART.

It is FURTHER ORDERED that this matter be REMANDED for further proceedings consistent with this opinion.

                                              s/Terrence G. Berg
                                              TERRENCE G. BERG
                                              UNITED STATES DISTRICT JUDGE

Dated: September 25, 2013

## Certificate of Service

I hereby certify that this Order was electronically submitted on September 25, 2013, using the CM/ECF system, which will send notification to each party.

                                              By: s/A. Chubb
                                                    Case Manager